**KAZEROUNI LAW GROUP, APC**
David McGlothlin, Esq. (253265)
david@kazlg.com
Pamela Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Keeya Joiner

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEEYA JOINER,<br><br>Plaintiff,<br><br>v.<br><br>AXCESS FINANCIAL SERVICES INC. d/b/a XACT COLLECTIONS<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*;**<br><br>2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*; and,**<br><br>3. **UNFAIR COMPETITION, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

1.      Plaintiff KEEYA JOINER ("Plaintiff") brings this action, for damages and injunctive relief (including public injunctive relief), and any other available legal or equitable remedies, resulting from the illegal actions of defendant AXCESS FINANCIAL SERVICES INC. d/b/a XACT COLLECTIONS ("Defendant") with regard to Defendant's predatory and unfair debt collection and business practices.

2.      As alleged herein, upon information and belief, Defendant has intentionally, knowingly, and unfairly attempted to collect on a debt not owed by Plaintiff. Indeed, even though Plaintiff's account has been paid in full and closed since November 8, 2023, Defendant continued to call Plaintiff at all hours of the day to collect on a non-existent debt.

3.      As a result, Defendant's actions described herein are in direct violation of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (2) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA"); and (3) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL").

4.      In enacting the Fair Debt Collection Practices Act ("FDCPA"), Congress's purpose was to eliminate abusive debt collection practices by debt collectors, to ensure debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collection abuses.

5.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

6.      The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for

the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

9. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

10. All violations alleged regarding the FDCPA and RFDCPA are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt, determine whether the debt was owed, and to actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of violations of the FDCPA, RFDCPA, and UCL.

13. Because Defendant conducts business within the State of California and in the County of Riverside, personal jurisdiction is established.

14. Further, the events leading to Plaintiff's cause of action occurred in County of Riverside and the State of California.

15. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons:

---
[1] Cal. Civ. Code §§ 1788.1 (a)-(b).

(i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducts business within this judicial district at all times relevant.

## PARTIES

16. Plaintiff is a natural person who resides in the County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt, which was alleged to be due and owing from Plaintiff.

17. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g) from whom a debt collector sought to collect a consumer debt, which was due and owing or alleged to be due and owing from Plaintiff.

18. As a result, Plaintiff is a "debtor," as that term is defined by Cal. Civ. Code § 1788.2(h).

19. The alleged debt at issue was the result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e) in which property, services, or money was allegedly acquired on credit primarily for personal, family, or household purposes.

20. Plaintiff is also a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

21. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. Plaintiff is informed and believes, and thereon alleges, that Defendant is an Ohio Limited Liability Company with its principal place of business in Cincinnati, Ohio. Defendant is also registered with the California Secretary of State and does business within the State of California.

23. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is

therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

24. Defendant is, and at all times mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g).

25. Defendant also is believed to use "instrumentality of interstate commerce or the mails in any business" where "the principal purpose of which is the collection of any debts" and "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" and is therefore a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).

26. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

27. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). As well as arising out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## **FACTUAL ALLEGATIONS**

28. At all times relevant, Plaintiff is an individual residing within the State of California, County of Riverside.

29. Sometime in or around May of 2022, Plaintiff obtained a loan for personal, family, and/or household purposes from Capital Community Bank ("CCBank") ending in loan number 6518 (the "Loan").

30. The Loan was for $1,800 and had an annual percentage rate of a *staggering* **219.44%**, making the total amount due with interest $6,200.55.

31. Further, pursuant to Cal. Fin. Code § 22001(b) and (c), Cal. Fin. Code § 22303 applies to the Loan.

32. Cal. Fin. Code § 22303 prohibits unsecured loans under $2,500.00 that

exceed the sum of:

> **(a)** Two and one–half percent per month on that part of the unpaid principal balance of any loan up to, including, but not in excess of two hundred twenty–five dollars ($225).
> **(b)** Two percent per month on that portion of the unpaid principal balance in excess of two hundred twenty–five dollars ($225) up to, including, but not in excess of nine hundred dollars ($900).
> **(c)** One and one–half percent per month on that part of the unpaid principal balance in excess of nine hundred dollars ($900) up to, including, but not in excess of one thousand six hundred fifty dollars ($1,650).
> **(d)** One percent per month on any remainder of such unpaid balance in excess of one thousand six hundred fifty dollars ($1,650).

33. Cal. Civ. Code § 1670.5 codified that unconscionable contracts or unconscionable clauses in any contract allow a Court to refuse to enforce the entire contract or any unconscionable portion. *See also*, Cal. Fin. Code § 22302 ("A loan found to be unconscionable pursuant to Section 1670.5 of the Civil Code shall be deemed to be in violation of this division and subject to the remedies specified in this division.").

34. Under the terms of the Loan, Plaintiff was to submit 37 payments from June 22, 2022 to November 8, 2023.

35. Plaintiff timely made all 37 monthly payments from about June 22, 2022 through November 8, 2023 until the Loan was paid in full.

36. As of at least November 8, 2023, Plaintiff had paid the Loan in full and her account was closed.

37. Despite her Loan being paid in full, to Plaintiff's surprise, on or around November 10, 2023, Plaintiff began receiving communications from Defendant attempting to collect on that alleged debt.

38. For the next few months, Plaintiff began to get inundated with calls early in the morning and late at night from Defendant attempting to collect on the alleged debt relating to the Loan that was not owed.

39. On or around December 22, 2023, Plaintiff received at least 15 calls from the telephone number (909) 734-1739, a number belonging to Defendant, attempting to erroneously collect on the alleged debt.

40. On or around December 27, 2023, Plaintiff received at least 12 calls from the telephone number (909) 734-1739, a number belonging to Defendant, attempting to erroneously collect on the alleged debt.

41. On or around December 28, 2023, Plaintiff received at least 16 calls from the telephone number (909) 734-1739, a number belonging to Defendant, attempting to erroneously collect on the alleged debt.

42. On or around December 29, 2023, Plaintiff received at least five calls from the telephone number (909) 734-1739, a number belonging to Defendant, attempting to erroneously collect on the alleged debt.

43. On or around December 30, 2023, Plaintiff received at least six calls from the telephone number (909) 734-1739, a number belonging to Defendant, attempting to erroneously collect on the alleged debt.

44. On or around January 1, 2024, Plaintiff received at least 14 calls from the telephone number (909) 734-1739, a number belonging to Defendant, attempting to erroneously collect on the alleged debt.

45. On or around January 2, 2024, Plaintiff received at least seven calls from the telephone number (909) 734-1739, a number belonging to Defendant, attempting to erroneously collect on the alleged debt.

46. Upon information and belief, Defendant also left Plaintiff a voicemail threatening legal action if Plaintiff did not pay the debt.

47. On January 3, 2024, Plaintiff called Defendant back requesting that Defendant stop contacting her.

48. On or around February 5, 2024, Plaintiff sent a cease-and-desist letter to Defendant disputing any debt relating to the Loan and demanding that Defendant halt all communications and collection attempts with Plaintiff.

49. The letter additionally requested that Defendant provide documents that verify the validity of Plaintiff's alleged debt.

50. On February 7, 2024, Defendant responded to Plaintiff, through her counsel, and noted, "We have searched in our files, and we could not find an active account in collections that can be worked now. Please inquire about this account in thirty days to see if it has arrived."

51. Defendant's response also noted that, "This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. The Company, individually or through its affiliates, is licensed as a Debt Collector by the California Department of Financial Protection and Innovation (DFPI), License Number 10435-99."

52. Then, via a letter dated February 15, 2024, Defendant stated: "We have received your request to validate the debt for loan ending in ****6518 with Capital Communication Bank."

53. The February 15, 2024 letter from Defendant also indicated that the "Total Default Balance Due" is $0.00 and that "This account was Paid in Full."

54. Thus, Defendant at least impliedly concedes to collecting a debt not owed from Plaintiff during November 2023, December 2023, and January 2024.

55. As a result of Defendant's conduct herein, Plaintiff has suffered harm, including time wasted, invasion of privacy, annoyance, loss of use of her cell phone, and emotional distress, as Plaintiff was harassed in the course of Defendant's collection of a debt, which was not owed (as confirmed by Defendant).

56. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of the Loan. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

57. Through this conduct, Defendants also violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of the Loan. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

58. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the Loan. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

59. Through this conduct, Defendants also violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the Loan. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

60. Through this conduct, Defendants violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

61. Defendants' violations alleged herein were willful and knowing as Defendants possess all the information required to confirm that the alleged debt relating to the Loan was paid in full, yet Defendant intentionally disregarded such information and continued to collect on the debt despite being on notice that it was already paid.

//
//
//

# CAUSES OF ACTION

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

62. Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

63. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

64. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

65. Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

66. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

67. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

# COUNT III

## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*

68. Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

69. The UCL defines "unfair competition" to include any "unlawful, unfair or fraudulent" business act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

70. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

71. Plaintiff and Defendant are each "person(s)" as that term is defined by Cal. Bus. & Prof. Code § 17201. Cal. Bus & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

72. Cal. Bus. & Prof. C. § 17204, a provision of the Unfair Competition Law (§§ 17200–17209), confers standing to prosecute actions for relief not only on the public officials named therein but on private individuals, *i.e.*, "any person acting for the interests of itself, its members or the general public." Thus, a private plaintiff who has suffered a financial injury may sue to obtain relief for others.

### *"Unfair" Prong*

73. A business practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practices against the gravity of the harm to the alleged victims.

74. Defendant could and should have furthered its legitimate business interests by not: (1) charging usurious interest rate(s) in violation of California law;

and (2) not collecting upon invalid debts.

75. Defendant's actions constitute "unfair" business practices because, as alleged above, Defendant forced Plaintiff into a consumer loan with an interest rate far exceeding what is permissible under California law and proceeding to attempt and/or actually collect on that Loan despite it being paid in full.

76. The harm to Plaintiff grossly outweighs the utility of Defendant's practices as there is simply no utility to the practices of Defendant charging excessive and illegal interest rates and collecting on an invalid debt.

77. Plaintiff could not have reasonably avoided the injury suffered.

78. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

### *"Unlawful" Prong*

79. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

80. Defendant's acts and practices alleged above constitute unlawful business acts or practices as Defendant has violated the FDCPA and RFDCPA. Defendant is also in violation of Cal. Fin. Code § 22303.

81. These acts and practices alleged were intended to or did result in violations of the UCL, FDCPA, RFDCPA, and Cal. Fin. Code § 22303.

82. Defendant has and will continue to unlawfully issue consumer loans with illegal interest rates and collect on said debts unless enjoined.

83. Plaintiff seeks, via the powers granted to Plaintiff pursuant to Cal. Bus. Prof. Code § 17204 to act a Private Attorney General, public injunctive relief to benefit the general public directly by bringing an end to Defendant's unfair business practices, which threaten future injury to the general public via continuing to advertise and issue loans with unconscionably high unlawful interest rates to the general public and continuing to collect on invalid debts.

84. Specifically, Plaintiff seeks this Court grant a public injunction requiring Defendant to immediately cease entering into loan agreements with an APR in excess of those proscribed in Cal. Fin. Code § 22303, as well as enjoin Defendant from collecting invalid debts, including debts that are paid in full. Such an injunction would benefit the public at large, because the public could then not be charged illegal and usurious interest rates by Defendant, nor be harassed in the collection of such debts.

85. Plaintiff also seeks non-public injunctive relief and restitution as afforded by Cal. Bus. Prof. Code § 17203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

- Public injunctive relief through the role as a Private Attorney General, pursuant to Cal. Bus. & Prof. Code §§ 17203 & 17204, permanently and immediately prohibiting Defendant from engaging in the unlawful conduct alleged herein, including but not limited to the inclusion in its loan agreements any provision having the effect of imposing an APR of over 30%

for loans from $250 - $2,500;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) cease charging an unlawful interest rates on their loans; (ii) and institute corrective advertising and providing written notice to the public of the unlawfully charged interest rate on prior issued loans;

- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and, also, to restore to Plaintiff all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition; and,

- Any other further relief that the court may deem just and proper.

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 9, 2024                     Respectfully submitted,

                                   **KAZEROUNI LAW GROUP, APC**

                                   By: */s/ David McGlothlin, Esq.*
                                        David McGlothlin, Esq.
                                        Pamela E. Prescott, Esq.
                                        *ATTORNEY FOR PLAINTIFF*